**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OHIO MASONIC HOME, Respondent.**

**No. 78–1119.**

United States Court of Appeals, Sixth Circuit.

May 15, 1980.

Elliott Moore, Janet McCaa, Deputy Associate Gen. Counsel, David A. Fleischer, National Labor Relations Board, Emil Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

David A. Weaver, Martin, Browne, Hall & Harper, Robert A. Vaughn, Springfield, Ohio, for respondent.

Before EDWARDS, Chief Judge, and CELEBREZZE and BOYCE F. MARTIN, Jr., Circuit Judges.

## ORDER

National Labor Relations Board has sought enforcement of its order of December 7, 1977, directing Respondent, Ohio Masonic Home to cease and desist from refusal to bargain. Affirmatively, the Masonic Home was ordered to bargain with the National Union of Hospital and Health Care Employees, Local 1199H (Union) upon request. The opinion of the Board is found at 233 N.L.R.B. No. 48.

An election was conducted on December 8, 1976. The Union won by a 23-vote margin. Home filed six objections to the conduct of the election. The Regional Director of Region 9 overruled these objections and ordered certification of the Union. Exceptions were filed. The Board adopted the findings of the district director and issued its Decision and Certification of Representation dated April 25, 1977. The Masonic Home refused to negotiate, and an unfair labor practice charge was filed against Home on May 11, 1977.

In 1972, Home employees voted for representation and entered into a three-year collective bargaining agreement. In 1976, pending expiration of the 1972 contract, a decertification petition was filed by employ-

ee John Preston suggesting that the Union no longer represented a majority of the employees in the bargaining unit. That petition was dismissed on technical grounds, and a second petition was filed. Subsequently, an agreement was reached involving the Home, the Union, and Preston providing that Home file an RM-Representation (Employer Petition), the Union formally request the election to proceed, and Preston withdraw his second decertification petition. The election was held December 8, 1976.

The Board is vested with wide discretion in establishing the procedure and safeguards necessary to ensure the fair and free choice of bargaining representatives by employees. *See .N. L. R. B. v. A. J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 327, 91 L.Ed. 322 (1946). In order to deny enforcement and set aside the election in the present case, the employer must establish that the Board acted arbitrarily, capriciously, and abused its discretion. We believe the record before us fails to establish that the Masonic Home carried this burden of proof. The order of the Board shall be enforced.

CELEBREZZE, Circuit Judge, would deny enforcement.